```
                    UNITED STATES BANKRUPTCY COURT
                     NORTHERN DISTRICT OF GEORGIA
                          ATLANTA DIVISION

IN RE: ANNETTE DANGERFIELD-LEWIS,   {   CHAPTER 13
                                    {
                                    {
       DEBTOR(S)                    {   CASE NO. A18-53298-SMS
                                    {
                                    {   JUDGE SAGE M. SIGLER
```

**OBJECTION TO CONFIRMATION**

    COMES NOW MARY IDA TOWNSON, TRUSTEE herein, and objects to Confirmation of the plan for the following reasons:

    1.  The Debtor(s)' payments under the proposed plan are not current.

    2.  The Debtor(s) has failed to provide the Trustee with a copy of the federal tax return or transcript of such return for the most recent tax year ending immediately before the commencement of the instant case and for which a federal income tax return was filed, in violation of 11 U.S.C. Section 521(e)(2)(A)(i).

    3.  The Debtor(s)' Statement of Financial Affairs is inaccurate and/or incomplete; the Trustee is unable to determine the feasibility of the proposed plan.  11 U.S.C. Section 1325(a)(6); specifically, the Debtor's 2017 gross income appears to be inaccurate and the Debtor's non-filing spouse's income is omitted on question 4.

    4.  The Chapter 13 petition and schedules fail to disclose a TRS account, in violation of 11 U.S.C. Section 521.

    5.  The Debtor(s)' Chapter 13 plan fails to provide for an increase in payments when direct payments at $469.00 per month for the Debtor's non-filing spouse's automobile payment end; may show lack of good faith or create a disposable income problem in violation of 11 U.S.C. Sections 1325(a)(3) and 1325(b)(2)(A).

    6.  The Debtor(s)' budget proposes to make monthly charitable contributions in the amount of $175.00.  The Debtor(s) should provide written evidence sufficient to establish a consistent pattern of contributing prior to the filing of the instant case.  11 U.S.C. Section 1325 (b)(2)(A).

Mary Ida Townson, Chapter 13 Trustee
Suite 2200 – 191 Peachtree Street, N.E.
Atlanta, GA  30303-1740
(404) 525-1110
sonyab@atlch13tt.com

7. The 2016(b) Disclosure Statement and the Chapter 13 plan are inconsistent with regard to the attorney's fees received pre-petition or to be paid in the plan, or both, in violation of 11 U.S.C. Section 329 and Bankruptcy Rules 2016(b) and 2017.

8. The Chapter 13 budget fails to include expenses for the Debtor's non-filing spouse's automobile payment of $469.00 per month and the Debtor's non-filing spouse's credit card payment of $50.00 per month; thereby, possibly rendering the proposed Chapter 13 plan payment to be infeasible, in violation of 11 U.S.C. Section 1325(a)(6).

9. The Form 122C-2 appears to claim an incorrect amount for line item 6.

10. The Chapter 13 Plan fails to provide for the appropriate pool of funds or dividend to the unsecured creditors, as required by 11 U.S.C. Section 1325(b)(1)(B). Specifically, the 22C Form reflects disposable income of $574.18, thus necessitating an unsecured pool of $34,450.80.

11. The Debtor(s)' plan does not provide for payment of all of the Debtor(s)' disposable income to the Trustee for thirty-six (36) or more months as required by 11 U.S.C. Section 1325(b)(1)(B).

12. Pursuant to information received from the Internal Revenue Service, 2016 and 2017 tax returns have not been provided to the taxing authorities and information received from the Georgia Department of Revenue, 2016 and 2017 tax returns have not been provided to the taxing authorities; thereby, preventing the Chapter 13 Trustee from evaluating the feasibility of the Chapter 13 plan, in violation of 11 U.S.C. Sections 1322(d) and 1325(a)(6).

13. Pursuant to information received from the Meeting of Creditors, 2017 tax return(s) have not been provided to the taxing authorities; thereby, preventing the Chapter 13 Trustee from evaluating the feasibility of the Chapter 13 plan, in violation of 11 U.S.C. Section 1322(d) and 1325(a)(6).

Mary Ida Townson, Chapter 13 Trustee
Suite 2200 – 191 Peachtree Street, N.E.
Atlanta, GA  30303-1740
(404) 525-1110
sonyab@atlch13tt.com

    WHEREFORE, the Trustee moves the Court to inquire into the above objections, deny Confirmation of this Debtor's (s') Plan and to dismiss the case; or, in the alternative, convert the case to one under Chapter 7.

    April 13, 2018

    _____/s/_____
Sonya M. Buckley, Attorney
For Chapter 13 Trustee
GA Bar No. 140987

Mary Ida Townson, Chapter 13 Trustee
Suite 2200 – 191 Peachtree Street, N.E.
Atlanta, GA   30303-1740
(404) 525-1110
sonyab@atlch13tt.com

A18-53298-SMS

**CERTIFICATE OF SERVICE**

      This is to certify that I have this day served

DEBTOR(S):

ANNETTE DEANGERFIELD-LEWIS
3622 TEN OAKS CIRCLE
POWDER SPRINGS, GA 30127

ATTORNEY FOR DEBTOR(S):

SLIPAKOFF & SLOMKA, PC
OVERLOOK III - SUITE 1700
2859 PACES FERRY RD, SE
ATLANTA, GA 30339

in the foregoing matter with a copy of this pleading by depositing in the United States Mail a copy of same in a properly addressed envelope with adequate postage thereon.

This 13th day of April 2018


           /s/
Sonya M. Buckley, Attorney
For Chapter 13 Trustee
GA Bar No. 140987




Mary Ida Townson, Chapter 13 Trustee
Suite 2200 - 191 Peachtree Street, N.E.
Atlanta, GA  30303-1740
(404) 525-1110
sonyab@atlch13tt.com